# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| MICHELE L. FORTNER | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| vs. | ) | Case No. CIV-09-356-SPS |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | ) |  |
| Defendant. | ) |  |

## OPINION AND ORDER
## DENYING MOTION TO DISMISS

The Plaintiff Michelle L. Fortner applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental security income payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. Her applications were denied. She appealed the final decision of the Commissioner of the Social Security Administration (dated July 13, 2009) on September 18, 2009, which was two days outside the deadline set by 42 U.S.C. § 405(g). The Commissioner sought dismissal of the appeal as untimely. The Court conducted a hearing on January 19, 2010, and for the reasons set forth below hereby DENIES the Commissioner's Motion to Dismiss [Docket No. 13].

There is no dispute that the Plaintiff filed her appeal two days late. Her appellate attorney candidly admits this was a clerical error on his part and urges the Court to apply the doctrine of equitable tolling to determine that the appeal is timely. *See, e. g., United States v. Clymore,* 245 F.3d 1195, 1197 (10th Cir. 2001) ("It is appropriate to apply

equitable tolling to any statute of limitations 'where consistent with congressional intent, and called for by the facts of the case.'"), *quoting Bowen v. City of New York,* 476 U.S. 467, 479-480 (1986) ("[A]pplication of a 'traditional equitable tolling principle' to the 60-day requirement of § 405(g) is fully 'consistent with the overall congressional purpose' and is 'nowhere eschewed by Congress.'"), *quoting Honda v. Clark,* 386 U.S. 484, 501 (1967). The Commissioner argues that the facts of this case do not justify application of equitable tolling.

The *Clymore* court observed that equitable tolling applies "when the defendant's conduct rises to the level of active deception; where a plaintiff has been lulled into inaction by a defendant, and '[l]ikewise, if a plaintiff is actively misled or has in some extraordinary way been prevented from asserting his or her rights.'" *Clymore,* 245 F.3d at 1199, *quoting Biester v. Midwest Health Services, Inc.*, 77 F.3d 1264, 1267 (10th Cir. 1996). There is nothing to suggest that the Commissioner caused the late filing, so the only relevant question here is whether the Plaintiff was prevented from asserting her rights in some extraordinary way. And in this regard, the admitted error by the Plaintiff's attorney in calculating the filing date does not suffice. *See, e. g., Fleming v. Evans,* 481 F.3d 1249, 1255-56 (10th Cir. 2007) ("The rationale is that attorney negligence is not extraordinary and clients . . . must vigilantly oversee, and ultimately bear responsibility for, their attorneys' actions or failures."), *quoting Modrowski v. Mote,* 322 F.3d 965, 968 (7th Cir. 2003) [quotation marks omitted].

The Plaintiff testified at the evidentiary hearing about the circumstances leading up to the late filing of her appeal. At the conclusion of the agency proceedings, the

Plaintiff's administrative attorneys informed her that they did not handle cases in federal district court (including social security appeals) but would refer her case to someone who did. They demanded a written release from the Plaintiff but apparently sent it to the wrong address. The Plaintiff became concerned about the passage of time and attempted on several occasions to contact her administrative attorneys (she apparently had not been advised who would be handling the appeal) and left messages. Eventually she made contact and obtained another release form, which she signed and returned the next day. Because of the delay, the Plaintiff's appellate attorney received her file (and apparently first learned of the case) with only days to spare.

Whether such circumstances are extraordinary (and whether they in fact prevented the Plaintiff from filing her appeal on time) is certainly debatable. But the Court finds that the best exercise of its discretion would be to apply equitable tolling to the facts of this case and thereby afford the Plaintiff disposition of her appeal on its merits rather than by default. *See Clymore,* 245 F.3d at 1198 ("Because the application of equitable doctrines rests in the sound discretion of the district court, its decision will not be disturbed on appeal absent a showing of abuse of discretion."), *citing Arnold v. Air Midwest, Inc.,* 100 F.3d 857, 861 (10th Cir. 1996). The circumstances in this case are vaguely reminiscent of those in *Torres v. Barnhart*, 417 F.3d 276 (2nd Cir. 2005), wherein the Second Circuit credited the efforts of a social security applicant to secure a timely appeal by a newly-engaged attorney. *Id.* at 279-80 ("Given Torres' consistent record of diligence in this case over a period of more than two years, it was unreasonable for the district court to conclude, without benefit of an evidentiary hearing, that Torres

failed to exercise due diligence simply because he failed to ask the lawyer to confirm that the complaint had been timely filed . . . Torres had every reason to believe that the lawyer was sensitive to the timing issue and would timely file the complaint. Indeed, it was the manner in which the lawyer misled Torres, even if unintentionally, that constitutes the 'extraordinary circumstances' that render this case appropriate for equitable tolling.") [citation omitted].  And that appeal was filed *three months* late, while the appeal here was filed only two days late.  *See Montoya v. Apfel*, 211 F.3d 1278 (Table), 2000 WL 556582, at *2 (10th Cir. 2000) ("Here, plaintiff did not miss the filing deadline by a short period of time; more than four months elapsed between the reconsideration decision and the time he filed his federal court action.") [unpublished opinion].

For the reasons set forth above, the Court finds that the doctrine of equitable tolling applies to this case.  The Plaintiff's appeal is therefore timely notwithstanding its filing outside the sixty-day time period prescribed by 42 U.S.C. § 405(g), and the Motion to Dismiss [Docket No. 13] filed by the Commissioner is hereby DENIED.

**IT IS SO ORDERED** this 22nd day of January, 2010.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**