# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHELE L. FORTNER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-09-356-SPS ) |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | ) ) ) ) ) |
| Defendant. | ) |

## OPINION AND ORDER

The claimant Michele L. Fortner requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). She appeals the Commissioner's decision and asserts the Administrative Law Judge ("ALJ") erred in determining she was not disabled. For the reasons set forth below, the Commissioner's decision is hereby REVERSED and REMANDED.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if h[er] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do his previous work but cannot, considering h[er] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security

regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

---

[1] Step One requires the claimant to establish that she is not engaged in substantial gainful activity. Step Two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or her impairment *is not* medically severe, disability benefits are denied. If she *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, she is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that she lacks the residual functional capacity ("RFC") to return to her past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given her age, education, work experience, and RFC. Disability benefits are denied if the claimant can return to any of her past relevant work or if her RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

## Claimant's Background

The claimant was born May 16, 1978, and was thirty years old at the time of the administrative hearing (Tr. 25). She completed her GED (Tr. 26), and has worked as a carhop, receptionist, employment counselor, placement counselor, telemarketer, sorter, and production line worker (Tr. 39). The claimant alleges that she has been unable to work since November 6, 2006 due to her diabetes (Tr. 120).

## Procedural History

On November 17, 2006, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. Her applications were denied. ALJ Lantz McClain conducted an administrative hearing and determined that the claimant was not disabled in a written opinion dated July 25, 2008 (Tr. 10-19). The Appeals Council denied review; thus, the ALJ's written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step four of the sequential evaluation. He found that the claimant retained the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. § 416.967(b), *i. e.*, she could lift/carry 20 pounds occasionally and 10 pounds frequently, and stand/walk/sit for six hours in an eight-hour workday (Tr. 18). The ALJ concluded that the claimant was not disabled because she could return to her past work as carhop, receptionist, placement counselor, or telemarketer. (Tr. 18).

**Review**

The claimant contends that the ALJ erred: (i) by failing to recognize at step two that her mental impairments were severe; and, (ii) by failing to perform a proper step four analysis. The Court finds that the ALJ failed to properly evaluate the claimant's mental impairments at step two, and the Commissioner's decision must therefore be reversed.

"Where there is evidence of a mental impairment that allegedly prevents a claimant from working, the [ALJ] must follow the procedure for evaluating mental impairments set forth in 20 C.F.R. § 404.1520a and the Listing of Impairments and document the procedure accordingly." *Cruse v. U.S. Department of Health & Human Services*, 49 F.3d 614, 617 (10th Cir. 1995), *citing Andrade v. Secretary of Health & Human Services*, 985 F.2d 1045, 1048 (10th Cir. 1993). In conducting this analysis, the ALJ must first evaluate whether the claimant has a "medically determinable mental impairment," 20 C.F.R. § 404.1520a(b)(1), and then determine the degree of function that the claimant has lost as a result of the impairment by assessing the claimant's level of functioning in four specific areas, *see Cruse*, 49 F.3d at 617. The four broad areas of function are: (i) activities of daily living; (ii) social functioning; (iii) concentration, persistence, or pace; and (iv) episodes of decompensation. 20 C.F.R. §§ 404.1520a(c)(3), 416.920a(d)(2).

The ALJ provided the following discussion of the claimant's mental impairments in his written decision:

> The claimant's medically determinable impairment of depression does not cause more than minimal limitation in the claimant's ability to perform basic mental work activities and is therefore nonsevere. In making this

> finding, the undersigned has considered the four broad functional areas set out in the disability regulations for evaluating mental disorders and in section 12.00C of the Listing of Impairments. These four broad functional areas are known as the "paragraph B" criteria. The first functional area is activities of daily living. In this area, the claimant has mild limitation. The next functional area is social functioning. In this area, the claimant has mild limitation. The third functional area is concentration, persistence or pace. In this area, the claimant as mild limitation. The fourth functional area is episodes of decompensation. In this area, the claimant has experienced no episodes of decompensation. Because the claimant's medically determinable impairment causes no more than "mild" limitation in any of the first three functional areas and "no" limitation in the fourth area, it is nonsevere.

(Tr. 13) [citations omitted]. The ALJ thus determined that the claimant had medically determinable mental impairments, and utilized the special "psychiatric review technique" ("PRT") to evaluate them, but wholly failed to document his findings, *i. e.*, to discuss the evidence on which they were based. *See, e. g., Washington v. Shalala*, 37 F.3d 1437, 1442 (10th Cir. 1994) ("[T]here must be competent evidence in the record to support the conclusions recorded on the [PRT] form and the ALJ must discuss in his opinion the evidence he considered in reaching the conclusions expressed on the form."), *quoting Woody v. Secretary of Health and Human Services*, 859 F.2d 1156, 1159 (3d Cir. 1988). *See also* 20 C.F.R. §§ 404.1520a(e)(2), 416.920a(e)(2) ("At the administrative law judge hearing [level], the written decision must incorporate the pertinent findings and conclusions based on the technique. The decision must show the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s)"). The ALJ did not, for example, cite any physician-prepared mental RFC assessment (even one from a state agency physician) to support his own conclusory PRT findings. *See Ray*

*v. Bowen*, 865 F.2d 222, 224 (10th Cir. 1989) ("The determination of whether substantial evidence supports the [ALJ's] decision is not simply a 'quantitative exercise,' for evidence is not substantial if it is overwhelmed by other evidence *or if it really constitutes mere conclusion*.") [emphasis added], *citing Fulton v Heckler*, 760 F.2d 1052, 1055 (10th Cir. 1985) and *Knipe v. Heckler*, 755 F.2d 141, 145 (10th Cir. 1985).

Because the ALJ failed to properly document his PRT findings, the decision of the Commissioner must be reversed and the case remanded for further analysis by the ALJ of the claimant's mental impairments. On remand, if such analysis results in any changes to the claimant's RFC, the ALJ should re-determine what work the claimant can perform, if any, and ultimately whether she is disabled.

## Conclusion

In summary, the Court finds that correct legal standards were not applied by the ALJ, and the Commissioner's decision is therefore not supported by substantial evidence. Accordingly, the decision of the Commissioner is hereby REVERSED, and the case is REMANDED for further proceedings consistent with this Opinion and Order.

**DATED** this 29th day of March, 2011.

_____
Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma